# Exhibit A

Return Date: No return date scheduled
Hearing Date: 10/9/2019 10:00 AM - 10:00 AM
Courtroom Number: 2510
Location: District 1 Court
    Cook County, IL

FILED
6/11/2019 9:46 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH07023
5365806

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |
|---|---|
| **ANDREA SANTIAGO, individually and on behalf of all others similarly situated,** | ) ) ) |
| **Plaintiff,** | ) **CLASS ACTION COMPLAINT** ) |
| **v.** | ) ) |
| **CITY OF CHICAGO,** a Municipal Corporation, | ) **Case No.** 2019CH07023 ) ) |
| **Defendant.** | ) **JURY DEMAND** ) ) |

## COMPLAINT

Plaintiff Andrea Santiago ("Santiago" or "Plaintiff"), individually and on behalf of all others similarly situated, complains against Defendant City of Chicago (the "City" or "Defendant") as follows:

### INTRODUCTION

1.    In 2005, the Illinois legislature amended Section 4-208 of the Illinois Vehicle Code to require municipalities having a population of more than 500,000 to provide owners of vehicles that have been towed and impounded an additional notice warning them that their vehicles may be disposed of if they are not reclaimed. *See* 625 ILCS 5/4-208; *see also* 2005 Ill. Legis. Serv. P.A. 94-650 (S.B. 501). This notice is in addition to the initial notice advising individuals that that their vehicle has been impounded. *Id.*

2.    This amendment was brought about as a result of towing abuses in the City of Chicago. *See* Illinois House Transcript, 2005 Reg. Sess. No. 60 (referencing "unscrupulous towing companies", noting that the "Bill now only appl[ies] to the City of Chicago", and that "what it first does is gives a second notice to these cars that have been towed and changes the dates from 15 to 18") (comments of Representatives Parke and Rita).

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

3.     Indeed, the law was specifically aimed at the City of Chicago.  *See* Illinois Senate Transcript, 2005 Reg. Sess. No. 29 ("We want to address the towing situation in the City of Chicago to make it easier for someone who's had their car towed, for whatever reason….") (comments of Senator Hendon).  The General Assembly made clear that:

> [W]hatever's established is not established under the basis of simply putting more money into the coffers of the City of Chicago budget but is compassionate towards the citizens of Chicago….

Illinois House Transcript, 2005 Reg. Sess. No. 60 (comments of Representative Parke); *see also id.* ("It sets up a program for the City of Chicago.  It mandates them to set up a program, give second notices to cars that have been relocated.") (comments of Representative Rita).

4.     Unfortunately, this law did not stop the abuses.  In fact, according to a recent WBEZ investigation, the City towed 93,857 vehicles in 2017 alone, of which 32,155 remained unclaimed. The City sells those unclaimed vehicles to third parties, including the City's towing vendor, United Road Towing. This happened to just under 24,000 vehicles in 2017.[1]

5.     The root of this problem can be traced in large part to the fact that, despite the General Assembly amending the Illinois Vehicle Code in 2005 (effective January 1, 2016) to afford greater protections for Chicago residents, the City failed to amend its own Municipal Code to bring it into compliance with that law.

6.     In fact, for more than a decade after the General Assembly amended Section 4-208 of the Illinois Vehicle Code, Section 9-92-100 of the Municipal Code of Chicago ("MCC") continued to track the pre-2006 version of that law.  It was not until November 16, 2016, that the

---

[1] *See* Elliot Ramos, *Takeaways From Our Investigation Into Chicago's Broken Towing Program*, WBEZ News (March 31, 2019), https://www.wbez.org/shows/wbez-news/takeaways-from-our-investigation-into-chicagos-broken-towing-program/21106328-2146-4f38-9938-7e25fc3b3b92?utm_campaign=Daily_Newsletter_Daily-Rundown_Members_20190401&utm_medium=email&utm_source=Eloqua&mi_ecmp=News_Newsletter_Daily-Rundown_20190401&mi_u=416307

MCC was amended to include the protections the General Assembly mandated more than a decade earlier:

> Whenever an abandoned, lost, stolen, or other impounded motor vehicle, or a vehicle determined to be a hazardous dilapidated motor vehicle pursuant to Section 11-40-3.1 of the Illinois Municipal Code, remains unclaimed by the registered owner, lienholder or other person legally entitled to possession for a period of ~~15~~ 18 days after notice has been given pursuant to Section 9-92-070 (a) or (b), if, during that 18-day period, the department of police or department of streets and sanitation has sent an additional notice by first class mail to the registered owner, lienholder, or other legally entitled person, the superintendent of police or ~~the~~ commissioner of streets and sanitation shall authorize the disposal or other disposition of such unclaimed vehicles….

Coun. J. Nov. 16, 2016 at 38010; *see also* MCC § 9-92-100.

7.     Despite this belated change to the MCC, the Department of Streets and Sanitation still fails to provide motorists the required notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and MCC § 9-92-100.  In other words, the City is disposing of citizens' vehicles without telling them and keeping the proceeds of the sale.

8.     To make matters worse, the City also fails to provide any notice by mail whatsoever *prior* to towing vehicles that it considers abandoned.  While in some cases the City places a warning sticker on a vehicle that it considers abandoned, no such notice is mailed or otherwise actually delivered to the owner.

9.     In fact, the City's ordinance only provides that notice be given *after* the vehicle has already been towed, at which point the City has already tacked on hefty towing and storage fees. *See* MCC § 9-92-070 ("Whenever any motor vehicle has been impounded pursuant to the traffic code, the department of police or the department of streets and sanitation shall within ten days *thereafter* … cause to be sent to such owner and to such other person legally entitled to possession, if known, a notice of the impoundment including a full description of the vehicle.") (emphasis added).

3

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

10.     Such a practice – towing without telling – deprives motorists of due process.  *See Perry v. Vill. of Arlington Heights*, 905 F. Supp. 465, 470 (N.D. Ill. 1995) (finding that provision of municipal code that allowed the towing of abandoned vehicles without prior notice to the owner by certified or registered mail violates procedural due process); *Graff v. Nicholl*, 370 F. Supp. 974, 984 (N.D. Ill. 1974) (holding that placing a notice on the windshield of an allegedly abandoned vehicle – followed by a post-tow notice by mail – is insufficient and "must be supplemented by the more dependable [pre-tow] notice by registered or certified mail").

11.     In short, the City takes vehicles with no warning or opportunity to contest the claim of abandonment prior to the seizure.  While the City allegedly sends a notice of impoundment to the owner after it has already been *impounded*, it fails to send the required additional notice when the City intends on *disposing* of the vehicle.  As a result, thousands of cars are in effect stolen from citizens of Chicago and sold without proper notice and due process.

## PARTIES

12.     Plaintiff Andrea Santiago ("Santiago") is an individual who resides in Cook County, Illinois.

13.     Defendant City of Chicago is an Illinois Municipal Corporation.

## JURISDICTION AND VENUE

14.     Jurisdiction is proper pursuant to 735 ILCS 5/2-209(a)(1), (b)(3) and (c) and venue is proper pursuant to 735 ILCS 5/2-101 because Plaintiff is a resident of Cook County, Illinois, Defendant is the City of Chicago, and the events and transactions giving rise to the claims asserted herein occurred in Cook County, Illinois.

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

### FACTUAL ALLEGATIONS

15.     Plaintiff is senior citizen with multiple sclerosis who is confined to a wheelchair. For years she owned a 1998 GMC Savana 1500 (the "Van"). The Van was Plaintiff's primary mode of transportation and was outfitted with special lift equipment that allowed her to enter and exit the vehicle in her wheelchair.

16.     Plaintiff has lived at her current address for approximately 20 years and owned the Van since approximately 2006. During this lengthy period of time, Plaintiff's family routinely parked the Van on the street on her block as there is not enough room for Plaintiff to get in to and out of the Van in her wheelchair in her garage.

17.     According to City records, a sticker was placed on the window of the Van on June 5, 2018 by a City employee stating that if the vehicle was not moved in seven days it would be considered abandoned and towed. At that time, the Van was legally parked on Plaintiff's block with a valid City sticker displayed in the windshield. The Van also had disability license plates affixed to it and the wheelchair lift equipment was clearly visible through the vehicle's windows.

18.     Several days later, Plaintiff's daughter noticed that the Van was missing. She called the City, but did not get any information about the missing vehicle. She also called the police and was told that the Van was not reported as being towed. Plaintiff's daughter continued to call the City and, at some point, was finally told that the vehicle was towed. According to City records, the vehicle was towed on June 13, 2018 and was impounded at Pound #3N at 701 N. Sacramento. At no point prior to the tow was Plaintiff provided any notice by mail warning her that her Van may be towed.

19.     Plaintiff's daughter attempted to retrieve the Van at the impound lot, but was repeatedly given the runaround. In the meantime, the City already assessed Plaintiff a towing fee

and ever-increasing storage fees. At some point, Plaintiff's daughter was finally told that the Van was already disposed of. Specifically, as is its practice, the City sold the Van to the company that towed it – United Road Towing – who, in turn sold it for scrap to a salvage yard where it was stripped and crushed. None of the proceeds of the sale or resale of the Van were remitted to Plaintiff.

20. Pursuant to MCC § 9-92-070, the City claims that it mailed Plaintiff a post-tow "notice of vehicle impoundment" on or about June 15, 2018. The City, however, never mailed Plaintiff an additional notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and MCC § 9-92-100. The City's failure to do so was done willfully and wantonly. Employees within the Department of Streets and Sanitation are well aware of the additional notice requirements of 625 ILCS 5/4-208 and MCC § 9-92-100 and rely on the procedures set forth therein for the towing, impounding, and disposal of abandoned vehicles. The Department of Streets and Sanitation nonetheless deliberately or with utter indifference fails to send an additional notice warning vehicle owners of the impending disposal of their vehicles.

21. In short, the City towed Plaintiff's vehicle without providing any pre-tow notice by mail. The City also failed to send the required "additional notice" warning her that her vehicle may be disposed of pursuant to MCC § 9-92-100(a). While Plaintiff has since obtained a replacement vehicle, she continues to park that vehicle on her street in the same manner as her last vehicle that was taken from her by the City. Plaintiff fears that the City will again tow, impound, and dispose of her vehicle without notice.

22. On October 25, 2018, Plaintiff filed a claim with the City in an effort to recover fair compensation for her vehicle. On May 13, 2019, the City denied her claim and stated that it was "unable to assist [her] with any settlement of damages or costs arising from this incident."

6

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

23.     This is not an isolated incident, but rather is standard operating procedure by the City.  As a matter of practice, the City does not provide notice to similarly situated owners of vehicles that it claims are abandoned prior to towing and impounding those vehicles.  The City, quite literally, is taking citizens' property – one of the most essential assets someone owns – without any notice by mail.  With respect to tows done by or through the Department of Streets and Sanitation, the City also, as a matter of practice, fails to send the required additional notice warning citizens that their vehicles may be disposed of pursuant to MCC § 9-92-100(a).

24.     As a result, the City has unlawfully seized, impounded, and disposed of thousands of vehicles.  The City also assesses hefty fines and other amounts, which, unless paid, will result in a vehicle being held by the City indefinitely and/or disposed of.

## CLASS ALLEGATIONS

25.     Plaintiff brings this action pursuant to 735 ILCS 5/2-801 of the Illinois Code of Civil Procedure on behalf of two classes of similarly situated individuals defined as follows:

> All individuals and entities who had their vehicle towed by the City of Chicago due to it being considered "abandoned" by the City (the "Tow Class").

> All individuals and entities who had their vehicle towed by or through the Department of Streets and Sanitation pursuant to Chapter 9-92 of the Municipal Code of Chicago that were disposed of by the City (the "Vehicle Disposal Class").

26.     The members of the classes are so numerous that joinder of all members is impracticable.  As noted above, the City impounded 93,857 vehicles in 2017 alone, of which 24,000 were sold to United Road Towing for more than $4 Million.  The exact number of members of the classes can be determined from records maintained by the City.

27.     Common questions exist as to the classes that will predominate over questions, if any, that solely affect individual class members.  These common questions include:

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

a.    Whether the procedures set forth in the MCC authorizing the tow and impoundment of abandoned vehicles without providing prior notice by mail violates the due process clause of the United States and Illinois Constitutions.

b.    Whether Plaintiff and class members are entitled to an injunction preventing the City from towing and impounding vehicles it claims are abandoned without first sending a notice to the owner by certified or registered mail and preventing the City from collecting or enforcing any fines, fees, or other amounts assessed in connection with such tows and impoundments.

c.    Whether it was unjust for the City to retain payment for the sale of a vehicle and/or any fines, penalties, and other amounts it received in connection with the tow and impoundment of an allegedly abandoned vehicle when said tow and impoundment was unconstitutional.

d.    Whether the City acted unlawfully and without legal authorization when it disposed of vehicles pursuant to Chapter 92 of the MCC without sending the required additional notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100.

e.    Whether Plaintiff and class members are entitled to an injunction preventing the City from disposing of unclaimed vehicles without sending the additional notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100.

f.    Whether it was unjust for the City to retain payment for the sale of a vehicle or other amounts it received when it disposed of it illegally and in violation of 625 ILCS 5/4-208 and/or MCC § 9-92-100.

g.    Whether Plaintiff and class members are entitled to an order of mandamus requiring the City to send the additional notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100.

h.    Whether the City's practice of disposing of vehicles pursuant to Chapter 92 of the MCC without sending the required additional notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100 resulted in the taking of property without just compensation in violation of the United States and Illinois Constitutions.

i.    Whether the City's practice of disposing of vehicles pursuant to Chapter 92 of the MCC without sending the required additional notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100 resulted in an unreasonable seizure in violation of the United States and Illinois Constitutions.

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

28.     Plaintiff will fairly and adequately protect the interests of members of the classes. Plaintiff has retained competent counsel experienced in class action litigation in state and federal courts.  Plaintiff has no interest adverse to any members of the classes.  Plaintiff intends to prosecute this case vigorously on behalf of herself and the classes.

29.     A class action is an appropriate method for the fair and efficient adjudication of this controversy because it involves the legality of a ticketing practice that applies equally to Plaintiff and all members of the classes.  A class action can therefore best secure the economies of time, effort, and expense while accomplishing the ends of law and equity that this action seeks to achieve.

## COUNT I
## Declaratory and Injunctive Relief on Behalf of the Tow Class

30.     Plaintiff adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

31.     Pursuant to 735 ILCS 5/2-701(a), this Court may "make binding declarations of rights, having the force of final judgments … including the determination … of the construction of any statute, municipal ordinance, or other governmental regulation … and a declaration of the rights of the parties interested."  Such a declaration of rights "may be obtained … as incident to or part of a complaint … seeking other relief as well."  735 ILCS 5/2-701(b).

32.     Plaintiff seeks a judgment declaring that the procedures set forth in Chapter 9-92 of the MCC authorizing the tow and impoundment of abandoned vehicles without providing prior notice by certified or registered mail violate the due process clause of the United States and Illinois Constitutions and, therefore, are unconstitutional and void *ab initio*.  *See* U.S. CONST. amend. XIV; ILL. CONST. art. I, § 2.

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

33.     Plaintiff has a personal claim which is capable of being affected.  As detailed above, this case presents an actual controversy that requires an immediate and definitive determination of the parties' rights.

**WHEREFORE**, Plaintiff prays that the Court:

A.      Certify this case as a class action, designate Plaintiff as class representative and appoint Plaintiff's counsel as class counsel;

B.      Declare that the procedures set forth in Chapter 9-92 of the Municipal Code of Chicago authorizing the tow and impoundment of abandoned vehicles without providing prior notice by certified or registered mail violate the due process clause of the United States and Illinois Constitutions and, therefore, are unconstitutional and void *ab initio*;

C.      Grant preliminary and permanent injunctive relief preventing the City from towing and impounding vehicles it claims are abandoned without first sending a notice to the owner by certified or registered mail and preventing the City from collecting or enforcing any fines, fees, or other amounts assessed in connection with such tows and impoundments;

D.      Award Plaintiff and members of the Tow Class restitution in an amount to be determined herein, including pre- and post-judgment interest;

E.      Grant an award of reasonable attorneys' fees and all expenses and costs of this action; and

F.      Order such other and further relief as this Court deems equitable, just and proper.

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

## COUNT II
## <u>Unjust Enrichment on Behalf of the Tow Class</u>

34.     Plaintiff adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

35.     The City has received payment for the sale of vehicles and/or fines, penalties, and other amounts in connection with the towing and impoundment of vehicles that the City claims are abandoned that were towed and impounded without prior notice by mail to the owner.  As shown above, the ordinance purportedly authorizing such actions violates the due process clause of the United States and Illinois Constitutions and, therefore, is unconstitutional and void *ab initio*.

36.     Thus, the City has collected funds to which it was not entitled.  The City knowingly appreciated and accepted this benefit, which has resulted and continues to result in an inequity to Plaintiff and members of the Tow Class.

37.     The City has thus unjustly received and retained a benefit belonging to Plaintiff and members of the Tow Class, who have therefore suffered a commensurate detriment.

38.     The City's retention of this benefit violates the fundamental principles of justice, equity, and good conscience.

**WHEREFORE**, Plaintiff prays that the Court:

A.     Certify this case as a class action, designate Plaintiff as class representative and appoint Plaintiff's counsel as class counsel;

B.     Award Plaintiff and members of the Tow Class restitution in an amount to be determined herein, including pre- and post-judgment interest;

C.     Grant an award of reasonable attorneys' fees and all expenses and costs of this action; and

D.     Order such other and further relief as this Court deems equitable, just and proper.

FILED DATE: 6/11/2019 9:46 AM    2019CH07023

## COUNT III
## 42 U.S.C. § 1983 on Behalf of the Tow Class
### (Due Process)

39.    Plaintiff adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

40.    As set forth above, the City's practice of not sending notice by mail prior to towing and impounding allegedly abandoned vehicles is done pursuant to an ordinance that provides for such notice only after the vehicle owner has been deprived of her property.  Thus, the conduct being challenged herein is the official policy of the City.  Therefore, all City employees and agents were acting under color of law in carrying out this policy.

41.    The misconduct described herein was objectively unreasonable and undertaken intentionally with deliberate indifference to the constitutional rights of Plaintiff and members of the Tow Class.  Alternatively, the misconduct described herein was undertaken intentionally, with malice, and/or with reckless indifference to the constitutional rights of Plaintiff and members of the Tow Class.

42.    As a result of this policy, the City deprived Plaintiff and members of the Tow Class of their constitutional rights to due process.  As a direct and proximate cause of this deprivation of constitutional rights, Plaintiff and members of the Tow Class suffered damages in the form of, among other things, unlawful fines, fees, and other amounts assessed in connection with the tow and impoundment of their vehicles, as well as the loss of their vehicles.

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

**WHEREFORE**, Plaintiff prays that the Court:

A.    Certify this case as a class action, designate Plaintiff as class representative and appoint Plaintiff's counsel as class counsel;

B.    Award Plaintiff and members of the Tow Class restitution and damages in an amount to be determined herein, including pre- and post-judgment interest;

C.    Grant an award of reasonable attorneys' fees and all expenses and costs of this action; and

D.    Order such other and further relief as this Court deems equitable, just and proper.

**COUNT IV**
**Declaratory and Injunctive Relief on Behalf of the Vehicle Disposal Class**

43.    Plaintiff adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

44.    Pursuant to 735 ILCS 5/2-701(a), this Court may "make binding declarations of rights, having the force of final judgments … including the determination … of the construction of any statute, municipal ordinance, or other governmental regulation … and a declaration of the rights of the parties interested." Such a declaration of rights "may be obtained … as incident to or part of a complaint … seeking other relief as well." 735 ILCS 5/2-701(b).

45.    Plaintiff seeks a judgment declaring that the City acted unlawfully and without legal authorization when it disposed of vehicles pursuant to Chapter 92 of the MCC without sending the required additional notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100.

46.    Plaintiff has a personal claim which is capable of being affected. As detailed above, this case presents an actual controversy that requires an immediate and definitive determination of the parties' rights.

13

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

**WHEREFORE**, Plaintiff prays that the Court:

A.    Certify this case as a class action, designate Plaintiff as class representative and appoint Plaintiff's counsel as class counsel;

B.    Declare that the City acted unlawfully and without legal authorization when it disposed of vehicles pursuant to Chapter 92 of the MCC without sending the required additional notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100;

C.    Grant preliminary and permanent injunctive relief preventing the City from disposing of unclaimed vehicles without sending the additional notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100;

D.    Award Plaintiff and members of the Vehicle Disposal Class restitution in an amount to be determined herein, including pre- and post-judgment interest;

E.    Grant an award of reasonable attorneys' fees and all expenses and costs of this action; and

F.    Order such other and further relief as this Court deems equitable, just and proper.

**COUNT V**
**Unjust Enrichment on Behalf of the Vehicle Disposal Class**

47.    Plaintiff adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

48.    The City has received payment for the sale of vehicles and/or other amounts in connection with the disposal of unclaimed vehicles without sending the additional notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100.  As set forth herein, this was illegal and unconstitutional.

14

49. Thus, the City has collected funds to which it was not entitled. The City knowingly appreciated and accepted this benefit, which has resulted and continues to result in an inequity to Plaintiff and members of the Expired Vehicle Class.

50. The City has thus unjustly received and retained a benefit belonging to Plaintiff and members of the Expired Vehicle Class, who have therefore suffered a commensurate detriment.

51. The City's retention of this benefit violates the fundamental principles of justice, equity, and good conscience.

**WHEREFORE**, Plaintiff prays that the Court:

A.   Certify this case as a class action, designate Plaintiff as class representative and appoint Plaintiff's counsel as class counsel;

B.   Award Plaintiff and members of the Vehicle Disposal Class restitution in an amount to be determined herein, including pre- and post-judgment interest;

C.   Grant an award of reasonable attorneys' fees and all expenses and costs of this action; and

D.   Order such other and further relief as this Court deems equitable, just and proper.

## COUNT VI
### Mandamus on Behalf of the Vehicle Disposal Class

52. Plaintiff adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

53. 625 ILCS 5/4-208 and MCC § 9-92-100 impose a specific requirement on the City's Department of Streets and Sanitation to send an additional notice of impending vehicle disposal prior to disposing of a vehicle towed and impounded pursuant to Chapter 9-92 of the MCC. As set forth above, the City's Department of Streets and Sanitation violated those laws in contravention of their statutory responsibilities.

15

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

FILED DATE: 6/11/2019 9:46 AM 2019CH07023

**WHEREFORE**, Plaintiff prays that the Court:

A.     Certify this case as a class action, designate Plaintiff as class representative and appoint Plaintiff's counsel as class counsel;

B.     Enter a writ of mandamus directing the City's Department of Streets and Sanitation to send an additional notice of impending vehicle disposal prior to disposing of a vehicle towed and impounded pursuant to Chapter 9-92 of the MCC;

C.     Grant an award of reasonable attorneys' fees and all expenses and costs of this action; and

D.     Order such other and further relief as this Court deems equitable, just and proper.

**COUNT VII**
**<u>Declaratory and Injunctive Relief on Behalf of the Vehicle Disposal Class</u>**
**(Taking Without Just Compensation)**

54.     Plaintiff adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

55.     The United States and Illinois Constitutions provide that private property shall not be taken or damaged for public use without just compensation.  *See* U.S. CONST. amend. V; ILL. CONST. art. I, § 15.

56.     Confiscation of property by a unit of government will not be considered a taking if the confiscation is a lawful exercise of that government's police powers. *See, e.g. Bennis v. Michigan*, 516 U.S. 442, 452 (1996) (compensation may not be required if property lawfully acquired via means other than eminent domain).

57.     Plaintiff's vehicle was not lawfully acquired by the City.  Instead, the City willfully flouted the requirements of the MCC that control the disposal of impounded vehicles.

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

58.     Because of the City's willful failure, the Commissioner of the Department of Streets and Sanitation was not lawfully authorized to dispose of Plaintiff's vehicle. Nevertheless, the vehicle was sold and destroyed.

59.     These actions by the City constituted an illegal and unconstitutional taking.

**WHEREFORE**, Plaintiff prays that the Court:

A.     Certify this case as a class action, designate Plaintiff as class representative and appoint Plaintiff's counsel as class counsel;

B.     Declare that the City's practice of unlawfully disposing of vehicles without providing proper notice as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100 constitutes an unlawful taking under the United States and Illinois Constitutions;

C.     Grant preliminary and permanent injunctive relief preventing the City from disposing of unclaimed vehicles without sending the additional notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100;

D.     Award Plaintiff and members of the Vehicle Disposal Class restitution in an amount to be determined herein, including pre- and post-judgment interest;

E.     Grant an award of reasonable attorneys' fees and all expenses and costs of this action; and

F.     Order such other and further relief as this Court deems equitable, just and proper.

## COUNT VIII
### 42 U.S.C. § 1983 on Behalf of the Vehicle Disposal Class
### (Taking Without Just Compensation)

60.     Plaintiff adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

61.     The City's failure to send the required additional notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100 prior to disposing of unclaimed vehicles is the official policy of the City's Department of Streets and Sanitation and/or its well-settled custom or practice, which was ratified by policymakers for the City with final policymaking authority.  Therefore, all City employees and agents were acting under color of law in carrying out this policy, custom, or practice.

62.     As a result of this policy, custom, or practice, the disposal of Plaintiff's vehicle, as well as the disposal of the vehicles of all members of the Vehicle Disposal Class, was unlawful and undertaken without any legal authorization.

63.     The misconduct described herein was objectively unreasonable and undertaken intentionally with deliberate indifference to the constitutional rights of Plaintiff and members of the Vehicle Disposal Class.  Alternatively, the misconduct described herein was undertaken intentionally, with malice, and/or, with reckless indifference to the constitutional rights of Plaintiff and members of the Vehicle Disposal Class.

64.     As a result of this policy, custom, or practice, the City deprived Plaintiff and members of the Vehicle Disposal Class of their constitutional rights to be free from having their property taken without just compensation.  As a direct and proximate cause of this deprivation of constitutional rights, Plaintiff and members of the Vehicle Disposal Class suffered the loss of their vehicles and other damages.

**WHEREFORE**, Plaintiff prays that the Court:

A.     Certify this case as a class action, designate Plaintiff as class representative and appoint Plaintiff's counsel as class counsel;

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

B.     Award Plaintiff and members of the Vehicle Disposal Class restitution and damages in an amount to be determined herein, including pre- and post-judgment interest;

C.     Grant an award of reasonable attorneys' fees and all expenses and costs of this action; and

D.     Order such other and further relief as this Court deems equitable, just and proper.

## COUNT IX
## Declaratory and Injunctive Relief on Behalf of the Vehicle Disposal Class
### (Unreasonable Seizure)

65.     Plaintiff adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

66.     The United States and Illinois Constitutions provide that people shall be free from unreasonable seizures. *See* U.S. CONST. amend. IV; ILL. CONST. art. I, § 6.

67.     The disposal of Plaintiff's vehicle was an unreasonable seizure because the City willfully flouted the requirements of the MCC that control the disposal of impounded vehicles.

68.     Because of the City's willful failure, the Commissioner of the Department of Streets and Sanitation was not lawfully authorized to dispose of the vehicle.  Nevertheless, the vehicle was sold and destroyed.

69.     These actions by the City of Chicago constituted an unreasonable seizure.

**WHEREFORE**, Plaintiff prays that the Court:

A.     Certify this case as a class action, designate Plaintiff as class representative and appoint Plaintiff's counsel as class counsel;

B.     Declare that the City's practice of unlawfully disposing of vehicles without providing proper notice as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100 constitutes an unreasonable seizure in violation of the United States and Illinois

19

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

Constitutions;

C.     Grant preliminary and permanent injunctive relief preventing the City from disposing of unclaimed vehicles without sending the additional notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100;

D.     Award Plaintiff and members of the Vehicle Disposal Class restitution in an amount to be determined herein, including pre- and post-judgment interest;

E.     Grant an award of reasonable attorneys' fees and all expenses and costs of this action; and

F.     Order such other and further relief as this Court deems equitable, just and proper.

## COUNT X
### 42 U.S.C. § 1983 on Behalf of the Vehicle Disposal Class
**(Unreasonable Seizure)**

70.     Plaintiff adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

71.     The City's failure to send the required additional notice of impending vehicle disposal as required by 625 ILCS 5/4-208 and/or MCC § 9-92-100 prior to disposing of unclaimed vehicles is the official policy of the City's Department of Streets and Sanitation and/or its well-settled custom or practice, which was ratified by policymakers for the City with final policymaking authority.  Therefore, all City employees and agents were acting under color of law in carrying out this policy, custom, or practice.

72.     As a result of this policy, custom, or practice, the disposal of Plaintiff's vehicle, as well as the disposal of the vehicles of all members of the Vehicle Disposal Class, was unlawful and undertaken without any legal authorization.

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

73.     The misconduct described herein was objectively unreasonable and undertaken intentionally with deliberate indifference to the constitutional rights of Plaintiff and members of the Vehicle Disposal Class.   Alternatively, the misconduct described herein was undertaken intentionally, with malice, and/or with reckless indifference to the constitutional rights of Plaintiff and members of the Vehicle Disposal Class.

74.     As a result of this policy, custom, or practice, the City deprived Plaintiff and members of the Vehicle Disposal Class of their constitutional rights to be free from unreasonable seizures.  As a direct and proximate cause of this deprivation of constitutional rights, Plaintiff and members of the Vehicle Disposal Class suffered the loss of their vehicles and other damages.

**WHEREFORE**, Plaintiff prays that the Court:

A.     Certify this case as a class action, designate Plaintiff as class representative and appoint Plaintiff's counsel as class counsel;

B.     Award Plaintiff and members of the Vehicle Disposal Class restitution and damages in an amount to be determined herein, including pre- and post-judgment interest;

C.     Grant an award of reasonable attorneys' fees and all expenses and costs of this action; and

D.     Order such other and further relief as this Court deems equitable, just and proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues that may be tried and decided by jury.

Dated: June 11, 2019

Respectfully submitted,

By: _____/s/ Jacie C. Zolna_____
      One of Plaintiffs' Attorneys

FILED DATE: 6/11/2019 9:46 AM   2019CH07023

Myron M. Cherry
mcherry@cherry-law.com
Jacie C. Zolna
jzolna@cherry-law.com
Benjamin R. Swetland
bswetland@cherry-law.com
Jeremiah Nixon
jnixon@cherry-law.com
Jessica C. Chavin
jchavin@cherry-law.com
MYRON M. CHERRY & ASSOCIATES LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
(312) 372-2100
Firm No. 39807
***Attorneys for Plaintiffs and the Classes***