IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| ANDREA SANTIAGO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CITY OF CHICAGO,<br>a Municipal Corporation,<br><br>Defendant. | Case No. 19-cv-4652<br><br>Hon. Matthew F. Kennelly |

**DEFENDANT'S MOTION TO STAY CLASSWIDE
DISCOVERY AND CLASS NOTICE PENDING
<u>APPEAL OF THIS COURT'S CLASS CERTIFICATION ORDER</u>**

On December 15, 2020, after considering filings from both sides, the Seventh Circuit granted the City's petition under Federal Rule of Civil Procedure 23(f) to appeal this Court's order that certified Plaintiff's two proposed classes ("Certification Order"). In light of this development, the City requests that the Court exercise its discretion under Rule 23(f) and stay further classwide discovery and the adoption of a class notice plan and issuance of class notice until the Seventh Circuit has decided the appeal. The City is not seeking a general stay of these proceedings or a stay of discovery related to Plaintiff's individual claims, but of discovery and notice procedures that may be directly impacted by the Seventh Circuit's ruling.

**Procedural Background**

On November 15, 2020, this Court entered the Certification Order, certifying Plaintiff's two proposed classes under Rule 23(b)(3) and denying Plaintiff's request to certify injunctive-relief classes under Rule 23(b)(2). [Dkt. No. 80, at 17 (certifying the "Tow Class" and "Vehicle-

1

Disposal Class").] On November 18, the Court ordered the Parties to "file a joint status report regarding the content of class notice and a proposed notice plan by 1/8/2021." [Dkt. No. 82.]

The City timely petitioned the Seventh Circuit to review the Certification Order under Rule 23(f). [Ex. 1, City's Rule 23(f) Petition.] The Seventh Circuit ordered that Plaintiff respond to the City's Petition, which she did on December 7, 2020. [Ex. 2, Pls. Resp. to Rule 23(f) Petition.] On December 15, 2020, the Seventh Circuit granted the City's petition. [Dkt. No. 84]. The appeal has been docketed and a briefing schedule has been established. [Ex. 3, Order dated Dec. 29, 2020.] The City's opening brief is currently due February 8, 2021.

**Argument**

Rule 23(f) authorizes this Court to stay proceedings during an interlocutory appeal of an order granting or denying class certification. Fed. R. Civ. P. 23(f); *see* Joseph M. McLaughlin, *McLaughlin on Class Actions Law and Practice* § 7:1 (17th ed.) (noting that "district courts frequently stay proceedings pending the outcome of a Rule 23(f) petition" and collecting cases). In determining whether a stay should be granted, this Court should consider whether the appeal is likely to succeed, whether the City would be irreparably injured if a stay is not granted, and whether the stay will substantially injure the opposing party and will be in the public interest. *Blair v. Equifax Check Serv., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999); *Kurgan v. Chiro One Wellness Centers LLC*, No. 10-CV-1899, 2014 WL 1245053, at *2 (N.D. Ill. Mar. 26, 2014.) Here, the City can meet each of these factors.

**I.     The City's appeal has a sufficient likelihood of success to warrant a stay of class discovery and notice.**

The City need not show that its appeal *will* be successful, it must show instead that "the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the cost of waiting." *Blair*, 181 F.3d at 837. Other courts have

2

recognized that an appeal will meet this test if it raises questions which are subject to dispute and which present novel issues for the reviewing court to consider. *See*, *e.g.*, *United States ex rel. Garbe v. Kmart Corp.*, No. 12-CV-881-NJR-PMF, 2015 WL 11181734, at *2 (S.D. Ill. Jan. 12, 2015) (granting motion to stay and noting that "[w]hile the Court is loath to determine that there is a 'substantial likelihood' that it will be reversed on appeal, the Court determines that the issues presented … are contestable"); *Andrews v. Chevy Chase Bank, FSB*, 474 F. Supp. 2d 1006, 1010 (E.D. Wis. 2007) (granting stay even though district court "concluded that defendant should not prevail on appeal" but "recognized that the Seventh Circuit may disagree with me"); *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 5-6 (D.D.C. 2002) (granting stay where it was "difficult, if not impossible, to hypothesize the outcome of the merits underlying the Rule 23(f) petition" but where "reasonable minds could differ on its proper resolution"). A stay is appropriate here because the Court's Rule 23(b)(3) analysis in the Certification Order raises important questions of law that are subject to genuine dispute.

As set forth in the City's petition, the Certification Order does not contain the mandatory "rigorous analysis" of Rule 23(b)(3)'s predominance requirement. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013). The Court's conclusion that it could avoid analyzing critical individual issues identified by the City—and avoid determining whether common issues would predominate over those issues—was based on at least three errors. [Dkt. No. 83, at 1-2.] Correcting these errors and conducting the required rigorous analysis would show that common issues will not predominate over individual issues and therefore that class certification was improper. The City has a strong chance to succeed on its appeal based on these errors, such that the "cost of pressing ahead" with classwide discovery and class notice will "exceed the cost of waiting." *Blair*, 181 F.3d at 837.

3

First, the Court wrongly concluded that Plaintiff's claims present "facial" constitutional challenges to City ordinances. [Dkt. No. 80, Certification Order at 14; 16.; Dkt. No. 83, at 9-12.] For the Tow Class, Plaintiff challenges the constitutionality of the City's practice of not mailing an additional pre-tow notice before towing vehicles deemed abandoned that lack current state registration and have not been moved in response to a sticker notice affixed to the vehicle. Plaintiff is not *facially* challenging the ordinance because she has effectively conceded that the ordinance and the City's practices regarding pre-tow notice arising from the ordinance are constitutional as applied to all but a subset of motor vehicle owners whose vehicles are towed as abandoned. [Dkt. No. 83, at 10-11.] She is challenging a practice that is not referenced in any ordinance and which is applied to certain people and not others; she has no valid contention that any ordinance is unconstitutional on its face. [Dkt. No. 83, at 11]; *United States v. Bonin,* 932 F.3d 523, 534 (7th Cir. 2019) ("To prevail on a facial attack, [the Plaintiff] must establish "that no set of circumstances exists" in which [the statute] would be valid or that it "lacks any plainly legitimate sweep.") (internal citation omitted).

Similarly, Plaintiff is not facially challenging Municipal Code of Chicago section 9-92-100(a), the vehicle impoundment ordinance at issue in the Vehicle Disposal Class claims. Her claim is that the City failed to comply with the ordinance's "additional notice" requirement by issuing two notices on the same day. She is not challenging the constitutionality of the ordinance at all. Instead, she claims that the City's practice fails to comply with the ordinance and state law and that this alleged noncompliance somehow resulted in a taking without just compensation under the Fifth Amendment. [Dkt. No. 83, at 11.] Again, this is not a challenge to an ordinance or statute, let alone a facial challenge. Indeed, it is not a valid basis for a federal claim at all. *See, e.g., Archie v. City of Racine*, 847 F.2d 1211, 1216–17 (7th Cir. 1988) (*en banc*) ("Mere violation of a state

4

statute does not infringe the federal Constitution. And state action, even though illegal under state law, can be no more or less constitutional under the Fourteenth Amendment than if it were sanctioned by the state legislature." (quoting *Snowden v. Hughes*, 321 U.S. 1, 11 (1944))).

Second, even if the Court were correct in concluding, at Plaintiff's urging, that the Tow Class and Vehicle-Disposal Class claims are facial challenges, that does not mean that Plaintiff's (or other purported class members') individual circumstances "do not matter" for determining whether the Rule 23(b)(3) predominance requirement is satisfied. [Dkt. No. 80, at 15.] The City has cited applicable case law not only analyzing whether common issues predominate over claimants' individual circumstances for facial challenges, but denying certification based on the presence of those individual issues. *See Riffey v. Rauner*, 910 F.3d 314, 318–19 (7th Cir. 2018); *Kohn v. Mucia*, 776 F. Supp. 348, 353 & n.5 (N.D. Ill. 1991). The individual issues raised by the City do matter, must be analyzed under Rule 23(b)(3), and should preclude certification of both proposed classes.

Lastly, the Court erred in concluding that Plaintiff's Vehicle-Disposal Class claims are "based in federal law, not state law;" therefore, whether she or any class member was "prejudiced" by the City's actions was irrelevant to the class certification determination. [Dkt. No. 80, at 16; *see* Dkt. No. 83, at 16-20.] This conclusion overlooks that Plaintiff's post-tow claims, made on behalf of the Vehicle-Disposal Class, include a state law claim for unjust enrichment. [*See* Dkt. No. 1-1, ¶¶ 47–51 (Count V); Dkt. No. 44, at 31–33 (refusing dismissal of unjust enrichment claim on vehicle disposal).] Whether an individual claimant was prejudiced is clearly relevant to claims for unjust enrichment. *See Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011) (citing *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 160 (1989)). As noted above, Plaintiff's attempt to federalize into a takings claim her allegation that a City practice

5

violated a state statute and City ordinance is misguided and ultimately must fail. *See Archie*, 847 F.2d at 1216. But if the claim fits any federal constitutional claim, it would be one for due process for allegedly insufficient notice before a deprivation of property. Again, such a claim undoubtedly requires a showing of prejudice. *See, e.g.*, *Illinois ex rel. Hartigan v. Peters*, 871 F.2d 1336, 1340 (7th Cir. 1989). Contrary to the Court's conclusion, the Vehicle-Disposal Class claims are primarily, if not entirely, based upon Illinois law and individual issues of prejudice are relevant to class certification and must be rigorously analyzed under Rule 23(b)(3).

## II. The City will be irreparably injured without a stay.

Failing to grant a stay of class-related discovery and class notice while the appeal is pending will cause the City irreparable harm. First, the issuance of any class notice, while the appeal is pending, would lead to confusion among the public should the Certification Order be reversed, vacated, or modified. Any such confusion will undoubtedly be attributed to the City and require the City to spend time and resources fielding complaints and responding to claims based upon this confusion. Until there is certainty regarding the Certification Order, the public and class members should not be notified.

Second, the process of responding to classwide discovery and identifying the classes necessary to issue class notice requires substantial time and expense that will be unnecessary if the Certification Order is reversed and may need to be duplicated along different parameters if the Certification Order is reversed in part, vacated, or modified in some way. The City has begun the process of identifying the classes, but this process is requiring considerable time and expense. Identification of the two classes requires access to and coordination among multiple databases containing relevant information. The City's own database provides some, but not all, of the information needed to identify the Tow Class and Vehicle-Disposal Class members and to conduct

the quality control needed to correctly identify the classes. Two other databases are in the control of third-party vendors and not the City itself. The database of Sebis, the print vendor, will likely be needed to validate which motor vehicle owners were mailed notices prior to their vehicles being towed and thus need to be excluded from the Tow Class. United Road Towing, the City's vendor who operates the vehicle pounds, is in possession of the Tow Plus database that maintains data on impounded vehicles and their eventual disposition. For both classes, that database will likely be needed to identify and connect individuals to towed vehicles, and for information about assessments related to impoundment and the disposition of vehicles. Although the City has not yet identified final numbers for each class, both involve working from data sets involving thousands of vehicle tows across these databases.

The Court should grant the limited stay requested because the City would be prejudiced by diverting its limited human and monetary resources and potentially creating public confusion over the case's status by moving forward with classwide discovery and class notice before the appeal is decided.[1]

### III. Plaintiff and potential class members will not be prejudiced by a stay and a stay is in the public interest.

Plaintiff, in contrast, will not be harmed by the limited stay sought by the City for the relatively short period of time until the appeal is decided. First, the City is not seeking to delay the continued work-up of her individual claim and other merits-related discovery. Second, the Court did not certify Plaintiff's proposed injunctive-relief classes, because she lacks standing to pursue

---

[1] Under similar circumstances, this Court, on its own accord, relieved another government entity (the Cook County Sheriff's Office) from having to proceed with class notice where a Rule 23(f) petition had been granted. *See Howard v. Cook County Sheriff's Office*, 1:17-cv-08085, Dkt. No. 234 (relieving parties of obligation to provide class notice after Defendant's Rule 23(f) petition was granted.) No different treatment is warranted here.

injunctive relief. [Dkt. No. 80, at 12–14, 17.] Plaintiff's class claims are limited to claims for damages and monetary restitution for harm caused by past City actions. This relief is retrospective and thus, while Plaintiff may not want delay, a stay will not substantially prejudice her or potential class members. Third, potential class members actually stand to be harmed if class notice is issued prematurely in the event that the Certification Order is vacated, modified, or reversed, which are all potential outcomes and which would require providing further notice or clarifying a prior notice and addressing the ensuing public confusion. No prejudice to Plaintiff or potential class members justifies denying a stay.

The same is true for the public interest. Both parties and the public-at-large, including potential class members, will benefit by having a definitive ruling on the Certification Order before further class discovery and class notice proceed. This Court has recognized that the public and the parties have an interest in preserving resources and ensuring the orderly progress of litigation. *Hannah v. Huntington Nat'l Bank,* No. 18-CV-7564, 2020 WL 2571898, at *6 (N.D. Ill. May 21, 2020) ("waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed"); *see also Howard v. Cook Cty. Sheriff's Office,* No. 17 C 8146, 2020 WL 1445620, at *3-4 (N.D. Ill. Mar. 25, 2020) (finding the request to issue an indicative ruling on a motion for relief that is barred by a pending appeal in order to save significant resources of the parties and the courts that otherwise would be expended has merit). Here, the public interest factor weighs in favor of the stay pending appellate review.

## Conclusion

Because the City has shown its appeal has a strong chance of succeeding, that it will suffer irreparable injury absent a stay, that Plaintiff will not be substantially prejudiced by a stay, and that the public interest will be supported if class proceedings are stayed, the City requests that

classwide discovery and the adoption of a class notice plan and issuance of class notice be stayed until the Seventh Circuit decides the pending interlocutory appeal.

**Dated: January 7, 2021**  Respectfully submitted,

Jennifer Zlotow
jennifer.zlotow@cityofchicago.org
Peter Cavanaugh
peter.cavanaugh@cityofchicago.org
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, Illinois 60602

J. David Duffy
dduffy@thompsoncoburn.com
Patrick Morales-Doyle
pmoralesdoyle@thompsoncoburn.com
Thompson Coburn LLP
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
(312) 346-7500

CELIA MEZA
Acting Corporation Counsel
for the City of Chicago

By: *J. David Duffy*
    One of Defendant's Attorneys

**CERTIFICATE OF SERVICE**

   I hereby certify that on January 7, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record in this action.

                            /s/ J. David Duffy